UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO: _____

TERESITA SORRELS and
JOSEPH SORRELS, her husband

        Plaintiff,

vs.

NCL (BAHAMAS) LTD., a Bermuda
company d/b/a NORWEGIAN CRUISE LINE

        Defendants.
_____/

## COMPLAINT FOR DAMAGES AND
## DEMAND FOR JURY TRIAL

      The Plaintiffs, Teresita Sorrels and Joseph Sorrels, her husband, by and through undersigned

counsel, hereby sue the Defendant NCL (Bahamas) Ltd., a Bermuda Company d/b/a Norwegian

Cruise Line [hereinafter "NCL"], a foreign corporation and state as follows:

### JURISDICTION AND VENUE

      1.    This is an action for personal injuries under general maritime law seeking damages

in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of costs, attorneys' fees and

interest.

      2.    At all times material hereto, Teresita Sorrels and Joseph Sorrels were and are husband

and wife and living in the normal marital relationship.

      3.    The Plaintiffs are residents of Florida. The Defendant NCL is a foreign corporation

organized under the laws of Bermuda with its principal place of business in Miami-Dade County,

Florida.

1

*Sorrels v. Norwegian Cruise Lines*
*Complaint for Damages*

4.      Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because the Defendant NCL maintains its base of operations in this District and is engaged in and doing business in Miami-Dade County, Florida, while the *Norwegian Sky* regularly calls on Florida ports.

5.      In addition, venue is proper against this Defendant in this Court, as the passenger ticket provided by the Defendant to the Plaintiffs contains a forum selection clause, which provides that all actions shall be filed in the United States District Court for the Southern District in Miami-Dade County, Florida, U.S.A.

6.      The Plaintiffs have complied with all conditions precedent to the filing of this lawsuit.

7.      The Defendant NCL has extended the time bar provision contained in its ticket to May 13, 2013, and accordingly, the filing of this suit is timely.

8.      The Defendant NCL is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Miami, Florida and the world.  The Defendant NCL derives substantial revenues from cruises originating and terminating in various ports in the State of Florida, including Miami-Dade, County, Florida.

9.      At all times material hereto, the Defendant NCL was the operator, owner, owner pro hac vice and/or charterer of the *Norwegian Sky.*

10.     On or about April 13, 2012, the Defendant NCL owned, operated, managed, maintained, supervised, chartered, and/or controlled the vessel *Norwegian Sky.*

11.     On or about April 13, 2012, the Plaintiff Teresita Sorrels was a fare-paying passenger aboard the NCL vessel *Norwegian Sky.*

12.     On or about April 13, 2012, the Plaintiff Teresita Sorrels was walking in a normal and proper manner on Deck 11 of the *Norwegian Sky*, when she slipped and fell as a result of the negligence of the Defendant NCL, its vessel and/or crew and sustained serious and permanent

2

*Sorrels v. Norwegian Cruise Lines*
*Complaint for Damages*

injuries that required extensive treatment, including surgery.

<u>**COUNT I - CLAIM OF TERESITA SORRELS AGAINST**</u>
<u>**DEFENDANT NCL CRUISE LINE**</u>

13.     The Plaintiff, Teresita Sorrels, repeats and adopts paragraphs one (1) through twelve (12) above and further avers:

14.     At all times material, and in particular on or about April 13, 2012, the Defendant NCL owed to its passengers, and in particular to the Plaintiff, the duty to exercise reasonable care to maintain and operate its vessel *Norwegian Sky* in a reasonably safe condition.

15.     At all times material, the Defendant NCL through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

a.      Failing to keep and maintain its floors and walkways free of transitory foreign substances, which would present a slipping hazard to its passengers;

b.      Failing to inspect, clean, keep and maintain its floors and walkways in a reasonably safe condition;

c.      Failing to install proper and reasonable safeguards to prevent passengers from being injured when walking on the subject area;

d.      Failing to take proper precautions for the safety of passengers using its floor and walkways;

e.      Failing to warn passenger of the dangerous conditions of the floor;

f.      Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of its floors;

g.      Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

3

h.   Failing to use a proper anti-slippery surface on its floors so as to prevent passengers from slipping;

i.   Failing to treat its floors to prevent them from becoming unreasonably slippery, especially when wet;

j.   Failing to adequately train its crew to keep its floors and walkways clean and free from hazard;

k.   Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

16.   That the Defendant created and/or knew or should have known of the above-described conditions through the exercise of reasonable care.

17.   The above conditions were neither open and obvious to the Plaintiff, and accordingly, the Defendant owed the Plaintiff the duty to warn of them and/or to correct them.

18.   As a direct and proximate result of the aforementioned carelessness and negligence of the Defendant, the Plaintiff Teresita Sorrels sustained serious and permanent injuries to her wrist, arm, body and extremities, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, loss of past earnings, loss of future earnings, diminished earning capacity in the future, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

WHEREFORE, the Plaintiff Teresita Sorrels demands judgment against the Defendant NCL for damages in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest and costs to the extent allowed by law, and demands trial by jury of all issues so triable. As to those issues, which are not triable by jury as a matter of law, the Plaintiff requests a jury trial under the provisions of Fed.R.Civ.P. 39(a)(2).

4

*Sorrels v. Norwegian Cruise Lines*
*Complaint for Damages*

## COUNT II - CLAIM OF JOSEPH SORRELS AGAINST
## DEFENDANT NORWEGIAN CRUISE LINES

19.　　The Plaintiff, Joseph Sorrels, repeats and adopts paragraphs one (1) through eighteen (18) above and further avers:

20.　　That as a direct and proximate result of the negligence of the Defendant NCL and the resulting injuries sustained by his wife, Teresita Sorrels, the Plaintiff Joseph Sorrels has sustained a loss of his wife's services, comfort, consortium, society and attentions in the past and in the future.

WHEREFORE, the Plaintiff, Joseph Sorrels demands judgment against the Defendant NCL as well as post judgment interest and costs to the extent allowed by law, and demands trial by jury of all issues so triable. As to those issues, which are not triable by jury as a matter of law, the Plaintiff requests a jury trial under the provisions of Fed.R.Civ.P. 39(a)(2).

DATED this **22nd** day of **April, 2013.**
Miami, FL 33133.

Respectfully submitted,

By:　

**ROBERT D. PELTZ (FL.BARNO.: 220418)**
E-mail: Peltz@leesfield.com
CAROL L. FINKLEHOFFE (FL. BAR NO.: 15903)
E-mail: Finklehoffe@leesfield.com
**LEESFIELD & PARTNERS, P.A.**
Attorneys for Plaintiff
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile: 305-854-8266
*Attorneys for Plaintiffs*

5