UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 13-CV-21413-COHN/SELTZER

TERESITA SORRELS and JOSEPH
SORRELS (her husband),

    Plaintiffs,
vs.

NCL (BAHAMAS) LTD., a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE

    Defendant.
_____/

**DEFENDANTS' MOTION TO DISMISS
COUNT II OF PLAINTIFFS' COMPLAINT**

    Defendant, NCL (BAHAMAS) LTD., a Bermuda company d/b/a Norwegian Cruise Line ("Norwegian"), by and through undersigned counsel and in accordance with Fed. R. Civ. P. 7(b), 12(b) and S.D. Fla. L.R. 7.1(A), hereby files its Motion to Dismiss Count II of Plaintiffs' Complaint [DE 1] and states as follows:

**Summary of Argument**

    1.    The case at bar is a personal injury claim wherein Plaintiff Teresita Sorrels alleges she slipped and fell aboard the cruise ship *Norwegian Sky* on or about April 13, 2012. Count I is a Negligence claim against Norwegian. Count II of the Plaintiffs' Complaint, asserted by Plaintiff Joseph Sorrels, is a claim for loss of his wife's services, comfort, consortium and attentions in the past and in the future [DE 1 at p. 5].

2.     Count II of Plaintiff's Complaint should be dismissed with prejudice on the grounds it fails to state a cause of action upon which relief can be granted, as general maritime law does not recognize a claim for nonpecuniary damages such as loss of consortium and loss of society.

### **Memorandum of Law**

Incidents occurring on navigable waters and/or bearing a significant relationship to traditional maritime activity are governed by the general maritime law.  *See* Thomas J. Schoenbaum, 1 ADMIRALTY AND MARITIME LAW, 3-5 (2d ed. 2004); *Keefe v. Bahamas Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989); *Beard v. Norwegian Caribbean Lines*, 900 F.2d 71 (6th Cir. 1990); *Kermarec v. Compangie Generale Transatlantique*, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed. 558 (1959); *Rindfleisch v. Carnival Cruise Lines, Inc.*, 498 So.2d 488 (Fla. 3d DCA 1986); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984); and *Hallman v. Carnival Cruise Lines, Inc.*, 459 So.2d 378, 379 (Fla. 3d DCA 1984).

Here, the Plaintiff seeks recovery for a slip and fall that allegedly occurred on navigable waters.  [DE 1 at ¶¶ 2-3].  The general character of the incident alleged by the Plaintiff has been found to bear a significant relationship to traditional maritime activity.  See *Doe v. Celebrity Cruises, Inc.,* 394 F.3d 891, 900 (11th Cir. 2004).  Thus maritime law is the substantive law to be applied.  *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1985).  The existence of a parallel remedy under state law is of no consequence.  *Wilburn Boat v. Fireman Fund, Inc.,*

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131· Telephone: 305-379-3686 · Facsimile: 305-379-3690

348 U.S. 310 (1955); *East River S.S. Co. v. Transamerica Deleval Inc.*, 476 U.S. 858 (1986).

It is well established that under general maritime law, no recovery can be had for loss of consortium in personal injury cases. *See In re Amtrak "Sunset Limited",* 121 F.3d 1421, 1429 (11th Cir. 1997)*; Lollie v. Brown Marine Service, Inc.,* 955 F.2d 1565, 1565 (11th Cir. 1993); *Ridley v. NCL (Bahamas) Ltd.*, 824 F.Supp. 2d 1355, 1363 (S.D. Fla. 2010); *Albertelli v. NCL Corp., Ltd.*, 2008 WL 2949513 at *1 (S.D. Fla. July 29, 2008); *In re Everglades Island Boat Tours, LLC*, 484 F.Supp. 2d 1259, 1263 (S.D. Fla. 2007*); Isberner v. Celebrity Cruises, Inc.*, 2006 WL 4005569 at *2 n.1 (S.D. Fla. Dec. 21, 2006); *Frango v. Royal Caribbean Cruise Cruises Ltd.*, 891 So.2d 1208, 1210 (Fla. 3d DCA 2005). The Eleventh Circuit in *"Sunset Limited"* specifically stated that:

> **Unless or until the United States Supreme Court should decide to add state remedies to the admiralty remedies for personal injury, personal injury claimants have no claim for nonpecuniary damages such as loss of society, loss of consortium or punitive damages….**

*Id.* at 1429 (emphasis added). In its holding, the Eleventh Circuit cited *Lollie v. Brown*, 955 F.2d 1565, wherein the *Lollie* Court held **"neither the Jones Act nor General Maritime Law authorizes recovery for loss of society or consortium in personal injury cases."** *Id.* (emphasis added).

The Southern District of Florida has examined precisely the same issue in *Ridley v. NCL (Bahamas) Ltd.*, 824 F.Supp. 2d 1355 at 1363. In *Ridley*, Judge King

- 3 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131· Telephone: 305-379-3686 · Facsimile: 305-379-3690

asserted, "[t]here is no doubt that, under Eleventh Circuit precedent, loss of consortium is not permitted under general maritime law." *Id.* Similarly in *Michaels*, a husband and wife filed a two-count complaint alleging negligence and loss of consortium as a result of injuries allegedly sustained aboard a cruise ship. *Michaels v. Carnival Cruise Line,* 2005 WL 3706388 at *1 (S.D. Fla. Jan. 24, 2005). Carnival moved to dismiss the husband's claim for damages resulting from the loss of consortium of his wife. *Id.* Carnival argued that the general maritime law of the United States did not recognize loss of consortium as an actionable injury. *Id.*

In dismissing the consortium claim in *Michaels*, the Court cited *Keefe v. Bahamas Cruise Lines,* 867 F. 2d 1318, 1320 (11th Cir. 1989)("[T]he substantive law applicable to this action, which involves an alleged tort committed aboard a ship sailing in navigable waters, is the general maritime law, the rules of which are developed by the federal courts.") and quoted *"Sunset Limited"* to conclude that the husband could not recover nonpecuniary damages, including loss of consortium, for the injuries allegedly sustained by his wife:

> **Defendant states correctly that the Eleventh Circuit Court of Appeals in *In re Amtrak "Sunset Limited"* 121 F.3d 1421 (11th Cir. 1993) has rejected the proposition that personal injury plaintiffs may recover nonpecuniary damages under the general maritime law for loss of society, loss of consortium, and punitive damages. *See also Lollie v. Brown Marine Services, Inc.,* 995 F.2d 1565, 1565 (11th Cir. 1993)(holding that "general maritime law [does not] authorize[ ] recovery for loss of society or consortium in personal injury cases.")**

*Id.* at *2. (emphasis added).

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131· Telephone: 305-379-3686 · Facsimile: 305-379-3690

Accordingly, Plaintiff Joseph Sorrels cannot maintain a claim for loss of his wife's services, comfort, consortium, society and attentions in the past and in the future and Count II of Plaintiffs' Complaint should be dismissed in the case.

WHEREFORE, Defendant, NCL (BAHAMAS) LTD., a Bermuda Company d/b/a Norwegian Cruise Line, respectfully request this Honorable Court dismiss Count II of Plaintiffs' Complaint and award such other and further relief deemed just and appropriate.

Respectfully submitted,

/s/ Jerry D. Hamilton
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Hector V. Ramirez
Florida Bar No. 484857
hramirez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
Attorney for Defendant
150 Southeast Second Avenue, Suite 12002
Miami, Florida 33131
Telephone :   305-379-3686
Facsimile:    305-379-3690

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 5, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Jerry D. Hamilton
Jerry D. Hamilton

## SERVICE LIST

| | |
|---|---|
| Robert D. Peltz, Esq. | Jerry D. Hamilton, Esq. |
| Peltz@leesfield.com | jhamilton@hamiltonmillerlaw.com |
| Carol L. Finklehoffe | Hector V. Ramirez, Esq. |
| Finklehoffe@leesfield.com | hramirez@hamiltonmillerlaw.com |
| Leesfield & Partners, P.A. | Hamilton, Miller & Birthisel, LLP |
| 2350 South Dixie Highway | 150 S.E. Second Avenue, Suite 1200 |
| Miami, Florida 33133 | Miami, Florida 33131 |
| Telephone:   305-854-4900 | Telephone:   (305) 379-3686 |
| Facsimile:   305-854-8266 | Facsimile:   (305) 379-3690 |
| ***Counsel for Plaintiff*** | ***Counsel for Defendant*** |

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131· Telephone: 305-379-3686 · Facsimile: 305-379-3690