UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO: 13-21413-CIV-Cohn/Seltzer

TERESITA SORRELS and
JOSEPH SORRELS, her husband

      Plaintiff,

vs.

NCL (BAHAMAS) LTD., a Bermuda
company d/b/a NORWEGIAN CRUISE LINE

      Defendants.
_____/

**PLAINTIFFS' MOTION FOR BINDING JURY TRIAL
AND ACCOMPANYING MEMORANDUM OF LAW**

      COME NOW the Plaintiffs, TERESITA SORRELS and JOSEPH SORRELS, by and through their undersigned counsel and move this Honorable Court to enter an order setting a binding jury trial in this case pursuant to the provisions of Rule 39(c)(2) of the Federal Rules of Civil Procedure and would respectfully show the Court as follows:

      1.    This is a maritime personal injury case against a cruise line by its passenger. The Plaintiff Teresita Sorrels was injured on April 13, 2013, while a passenger aboard the NCL *Sky*.

      2.    Under the "saving to suitors" clause, 28 U.S.C. §1333, the Plaintiff has the right to bring this lawsuit in the state courts of Florida, pursuant to which she would be entitled to a jury trial. *See e.g. Ginsberg v. Silversea Cruises, Ltd.*, 2004 WL 3656827 (S.D. Fla. March 18, 2004)(denying motion to strike jury trial in passenger case based upon ticket provision), *McDonough v. Celebrity Cruises, Inc.*, 2000 WL 341115 (S.D.N.Y. March 30, 200)(same); *Sullivan v. Ajax Navigation Corp.,* 881 F.Supp. 906 (S.D.N.Y. 1995)(same). Nevertheless, the Plaintiff's ticket of passage contains a provision requiring that all lawsuits filed by passengers arising out of

1

*Sorrels v. Norwegian Cruise Lines*
*Plaintiffs' Motion for Binding Jury Trial*

a cruise must be filed in federal court, specifically the Southern District of Florida.  A copy of the relevant portions of the Plaintiff's ticket are attached hereto as Exhibit no. "1."  See paragraph no.14.

3.	Florida's Third District Court of Appeal has upheld the enforceability of such clauses requiring suit to be filed in federal court even where they are maintained by Florida residents, so that diversity of citizenship jurisdiction does not exist.  *See Leslie v. Carnival Corp.*, 22 So. 3d 561 (Fla. 3d DCA 2008).  Since the Plaintiff is a resident of Florida, diversity of citizenship jurisdiction does not exist for this case.  As a result, jurisdiction in this court is limited to admiralty jurisdiction, which would deprive the Plaintiff of her constitutionally guaranteed right to a jury trial.

4.	The forum selection clause attached as Exhibit"1," further provides that any lawsuits against the Defendant NCL must be filed in Miami-Dade County.  Such forum selection clauses have been upheld by the U.S. Supreme Court in *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585 (1991).  Since the Third District Court of Appeal is the court of last judicial review for the trial courts located in Miami-Dade County, if the Plaintiff attempted to file suit in the state courts of Florida in order to obtain her constitutional right to a jury trial, she would be required to file suit in Miami-Dade County and said suit would be dismissed by virtue of the Third District's decision in *Leslie.*

5.	Since there is no right of direct appeal from the Florida state courts to either this Court or the Eleventh Circuit[1], and due to the further fact that the parties cannot waive a lack of diversity subject matter jurisdiction, the only way in which the Plaintiff herein can obtain a jury trial

---

[1] The Plaintiff is not seeking to "appeal" the Third District's decision in Leslie, although as noted earlier, federal courts considering the issue have generally refused to enforce jury waiver clauses contained in tickets of passage in suits for personal injuries brought by passengers against cruise lines.  *See e.g. Ginsberg*, 2004 WL 3656827; *McDonough*, 2000 WL 34115; *Sullivan*, 881 F.Supp. 906.  The Third District's opinion is also violative of 46 U.S.C. §30509(a)(1)(B).  Nevertheless, the Plaintiff is not seeking to "appeal" *Leslie* here, nor is her request for relief under Rule 39 in any way based upon the correctness of the Third District's opinion in *Leslie*.  Instead, it is addressed to the discretion of this court, under Rule 39.

2

*Sorrels v. Norwegian Cruise Lines*
*Plaintiffs' Motion for Binding Jury Trial*

is under Fed.R.Civ.P. 39(c)(2).

WHEREFORE, the Plaintiff moves this Honorable Court to order a jury trial as to all issues, pursuant to Federal Rule of Civil Procedure 39(c)(2).

### *Memorandum of Law*

There is no doubt that the right to a jury trial is one of the most fundamental rights recognized in American law. The right to a jury trial is guaranteed under the Seventh Amendment to the Constitution of the United States of America as well as by Article 1, Section 22 of the Florida Constitution. In upholding the right of a seaman to a jury trial in *Jacob v. City of New York*, 315 U.S. 752 (1942), Justice Murphy made of ten quoted observation:

> The right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment. A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the courts.

350 U.S. at 752-3.

It was further observed by the Supreme Court in its subsequent decision in *Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry*, 494 U.S. 558, 580-1 (1990):

> Fear of a Federal Government that had not guaranteed jury trial in civil cases, voiced first at the Philadelphia Convention in 1787 and regularly during the ratification debates, was the concern that precipitated the maelstrom over the need for a bill of rights in the United States Constitution. [citation omitted].
>
> This Court has long recognized the caliber of this right. In *Parsons v. Bedford*, 3 Pet. 433, 446, 7 L.Ed. 732 (1830), Justice story stressed "The trial by jury is justly dear to the American people. It has always been an object of deep interest and solicitude, and every encroachment upon it has been watched with great jealousy."

Nevertheless, in *Leslie v. Carnival Corp.*, 22 So.3d 561 (Fla. 3d DCA 2008), Florida's Third District Court of Appeal upheld the provision in a Carnival ticket requiring suit to be filed in the Southern District of Florida, for all passengers, including those residing in Florida. Therefore, the

*Sorrels v. Norwegian Cruise Lines*
*Plaintiffs' Motion for Binding Jury Trial*

Third District's action *required* Florida residents, such as the Plaintiff, to file suit in the Southern District of Florida, even though no diversity of citizenship jurisdiction existed for such claims. As a result, the only alternative for a Florida resident, such as the Plaintiff, for cases arising in the geographic limits of the Third District is to file suit under the admiralty jurisdiction of the Southern District.[2]

In recognition of the constitutional infirmity of its action, the Third District Court of Appeal in *Leslie* noted that the federal courts can order a binding trial by jury pursuant to Federal Rule of Civil Procedure 39(c). See 22 So.2d 3 at n.4. In further response to the constitutional problems afforded by the enforcement of its forum selection clause, Carnival agreed in the answer brief it filed in *Leslie* that it would not oppose a passenger's right to a jury trial under Rule 39. *See Leslie*, 22 So.3d at 562. During oral argument before the Third District in *Leslie*, Carnival's counsel further conceded that Carnival would not oppose such motions in other cases asserted against it by Florida residents for the same reason. Due in substantial part to this stipulation, the court upheld the forum

---

[2] Accordingly, this case is completely unlike the situation encountered in Baughen v. Royal Caribbean Cruises, Ltd., 2013 WL 1716412 (S.D. Fla. April 19, 2013) in which the Plaintiff had a choice. As the court noted therein,

> Defendant's Cruise Excursions, Inc., however, argues that Plaintiff could have brought suit against it in the Virgin Islands under the Federal Court's diversity jurisdiction or in Florida State Court as a tort. A review of the ticket contract resolves this issue in favor of Cruise Ship Excursions, Inc.

Baughen at *2.

In the present case, unlike *Baughan*, there is only one Defendant, the cruise line, and the Plaintiff has no such choice under the ticket provisions.

4

*Sorrels v. Norwegian Cruise Lines*
*Plaintiffs' Motion for Binding Jury Trial*

selection clause requiring suit to be filed in federal court.[3]

Although this stipulation by Carnival in the *Leslie* case is not binding upon NCL in this case, by opposing this motion, NCL is seeking to take advantage of the benefit of the stipulation, which was critical to the enforcement of the identical forum selection clause, without accepting the corresponding obligation to consent to a jury trial. Since there is no direct right of appeal from the Florida state courts to either this court or the Eleventh Circuit, the Plaintiff herein had no alternative but to file her suit in this court under its admiralty jurisdiction, resulting in the loss of her right to a <u>constitutionally guaranteed jury trial</u>.

Over the years, the U.S. Supreme Court has expressed concern over attempts to deprive maritime plaintiffs of remedies available as a result of the application of the "savings to suitors" clause by removal in those circumstances where there is an absence of diversity of citizenship jurisdiction. See *Romero v. International Terminal Operating Co.*, 358 U.S. 354 (1959). In order to protect such rights and remedies, claims brought under admiralty law may not be treated as "federal questions," for the purposes of removal from state court. *See e.g. Argandona v. Lloyd's*

---

[3] The importance of this stipulation to the court's conclusion is clearly evidenced by the following paragraph contained in the Third District's opinion:

> Barry's and Leslie's chief grievance regarding Carnival's forum-selection clauses is that it strips them of their constitutional right to a jury trial, and instead affords them a jury trial in their federal form only "with the consent of both parties." See Fed.R.Civ.P. 39(c). Carnival represents in its Answer Brief here that it has "no intention of opposing Appellants['] request for a jury trial" in these passengers pending federal actions, which Barry and Leslie suggest is further evidence of what it divines to Carnival legerdemain. We interpret Carnival's statement to mean that if the United States District Court lifts the stays in these passengers federal admiralty actions, Carnival will consent to a jury trial in these cases. We conclude Carnival's forum selection clause is enforceable.

22 So.2d at 562-3.

*Sorrels v. Norwegian Cruise Lines*
*Plaintiffs' Motion for Binding Jury Trial*

*Registry of Shipping*, 804 F.Supp. 326 (S.D. Fla. 1992). In *Lewis v. Lewis & Clarke Marine, Inc.*, 531 U.S. 438, 454-5 (2001), the Supreme Court recognized that a litigants right to a jury trial "is an obvious . . . example of the remedies available to suitors" under the "savings to suitors" clause.

Through no fault of her own, the Plaintiff will be deprived of a fundamental constitutional right unless this court grants her request for relief under Rule 39 (c). Although it is clear that the constitutional condrum facing the Plaintiff is not the result of any action taken by this Court, this Court nevertheless has the power to restore the Plaintiff's fundamental right to a jury trial.

For the foregoing reasons, the Plaintiff respectfully requests this Court to order a binding jury trial as to all issues under the provisions of Rule 39 (c).

*Local Rules 7.1 A(3) Statement*

The undersigned counsel certifies that he has conferred with counsel for the Defendant in a good faith effort to resolve the issues raised in this motion and that he has been advised that the Defendant opposes this motion.

DATED **June 21, 2013**.
Miami, Florida 33133.

Respectfully submitted,

By: /s/ Robert D. Peltz
ROBERT D. PELTZ (FL.BARNO.: 220418)
E-mail: Peltz@leesfield.com
CAROL L. FINKLEHOFFE (FL.BAR NO.: 15903)
E-mail: Finklehoffe@leesfield.com
**LEESFIELD & PARTNERS, P.A.**
Attorneys for Plaintiff
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile: 305-854-8266
*Attorneys for Plaintiffs*

6

*Sorrels v. Norwegian Cruise Lines*
*Plaintiffs' Motion for Binding Jury Trial*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 21, 2013**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

By:  /s/ Robert D. Peltz
ROBERT D. PELTZ (FL.BARNO.: 220418)
E-mail: Peltz@leesfield.com

## SERVICE LIST

| | |
|---|---|
| **ROBERT D. PELTZ** (F.B.N. 220418)<br>E-mail: Peltz@leesfield.com<br>**CAROL L. FINKLEHOFFE** (F.B.N. 0015903)<br>E-mail: Finklehoffe@leesfield.com<br>LEESFIELD & PARTNERS, P.A.<br>2350 South Dixie Highway<br>Miami, Florida 33133<br>Telephone:     305-854-4900<br>Facsimile:       305-854-8266 | **JERRY D. HAMILTON, ESQ**.(F.B.N. 970700)<br>    Email:<br>jhamilton@hamiltonmillerlaw.com<br>**HECTOR RAMIREZ, ESQ**. (F.B.N. 484857)<br>Email: Hramirez@hamiltonmiller.com<br>**JESSICA CALVO, ESQUIRE** (F.B.N. 484857)<br>HAMILTON, MILLER & BIRTHISEL, LLP<br>150 S.E. Second Avenue, Suite 1200<br>Miami, FL 33131<br>Telephone: 305-379-3686<br>Facsimile:  305-379-3690<br>*Attorneys for Defendants* |