UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 13-CV-21413-COHN/SELTZER

TERESITA SORRELS and JOSEPH
SORRELS (her husband),

      Plaintiffs,

vs.

NCL (BAHAMAS) LTD., a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE

      Defendant.

_____/

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPALINT

Defendant, NCL (BAHAMAS) LTD., a Bermuda company d/b/a Norwegian Cruise Line ("Norwegian"), by and through undersigned counsel and in accordance with Fed. R. Civ. P. 7(b), 12(b) and S.D. Fla. L.R. 7.1(A), hereby files its Reply and states as follows:

### Summary of Reply

1.      Plaintiff's Response provides no binding authority for the recognition of a loss of consortium claim under general maritime law. The Eleventh Circuit, in *In re Amtrak*, held that a loss of consortium claim was not permitted under general maritime law. *In re Amtrak "Sunset Limited",* 121 F.3d 1421 (11th Cir. 1997). Further, *In re Amtrak* is good law and the underlying rationale (*Miles v. Apex Marine Corp.*) has not been overturned by the Supreme Court with respect to loss of

consortium. *See Atlantic Sounding Co. Inc. v. Townsend*, 557 U.S. 404, 420 (2009) ("[t]he reasoning of *Miles* remains sound.").

      2.     Count II of Plaintiff's Complaint should be dismissed with prejudice on the grounds it fails to state a cause of action upon which relief can be granted, as general maritime law does not recognize a claim for loss of consortium.

<strong><u>Memorandum of Law</u></strong>

### I. Eleventh Circuit Precedent Requires Dismissal and Plaintiff Fails to Cite Any Binding Authority Stating Otherwise

Binding Eleventh Circuit precedent does not recognize a loss of consortium claim under general maritime law in passenger personal injury cases. *See In re Amtrak*, 121 F.3d at 1429 ("neither the Jones Act nor General Maritime Law authorizes recovery for loss of society or consortium in personal injury cases.") (citing *Lollie v. Brown Marine Service, Inc.,* 955 F.2d 1565, 1565 (11th Cir. 1993)). Additionally, the United States Southern District Court of Florida, in a decision reached after *Atlantic Sounding*, examined precisely the same issue in *Ridley v. NCL (Bahamas) Ltd.*, 824 F.Supp. 2d 1355 at 1363.  In *Ridley*, Judge Lawrence King affirmed, "[t]here is no doubt that, under Eleventh Circuit precedent, loss of consortium is not permitted under general maritime law." *Id.*

Plaintiff does not cite any Eleventh Circuit binding precedent for the proposition that a loss of consortium claim is recognized under general maritime law. Plaintiff asserts in his Response that *Atlantic Sounding* has invalidated *In re Amtrak* and *Lollie* on loss of consortium. *Atlantic Sounding* was a seaman's

- 2 -

maintenance and cure case, which held that punitive damages for the willful and wanton disregard of the maintenance and cure obligation should remain available in the appropriate case as a matter of general maritime law. 557 U.S. at 424. *Atlantic Sounding* did not involve a loss of consortium claim and, more importantly, did not find that a loss of consortium claim was recognized under general maritime law. Further, the Supreme Court in *Atlantic Sounding* made clear that it was not overruling *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), stating that "[t]he reasoning of *Miles* remains sound." *Atlantic Sounding*, 557 U.S. at 420.

In fact, the Eighth Circuit in a recent 2009 decision applying *Atlantic Sounding* determined that a claim for loss of consortium is not available in passenger personal injury claims because it would "give rise to two serious disparities between general maritime law and legislative policies." *Doyle v. Graske*, 579 F.3d 898, 907 (8th Cir. 2009). (*Doyle* involved a boat passenger whose husband was injured off the coast of Grand Cayman Island.). *Doyle* elaborates that in "[a]pplying the *Townsend* approach [the court concludes] there is no well-established admiralty rule, as there is with respect to punitive damages, authorizing loss-of-consortium damages as a general matter." *Id.* at 906. Accordingly, ***Doyle* clarified that recognizing a loss of consortium claim would inequitably grant the spouse of nonfatally injured passengers more rights than the spouses of those who have died at sea and the spouses of injured seamen**. *Id.* at 907. The Eighth Circuit reached this conclusion applying the *Miles* rationale upheld by *Atlantic Sounding*, which finds that

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

> an admiralty court should look primarily to [ ] legislative enactments for policy guidance. It would have been illegitimate to create common-law remedies that exceeded those remedies statutorily available under the Jones Act and DOHSA.

*Atlantic Sounding*, 557 U.S. at 420. (citations omitted) (internal quotations omitted). As stated by the Eighth Circuit,

> [t]he short history of loss-of-consortium damages in admiralty consists almost entirely of the Supreme Court's relatively recent decisions in *Gaudet* and *Alvez*. Given the narrow holdings of these decisions, general maritime law on loss-of-consortium damages remains an area marked by few settled principles.

*Doyle*, 579 F.3d at 906.

## II. Plaintiff's Response Incorrectly Asserts That Case Law Relied on by Norwegian is no Longer Valid

Plaintiff cites two United States Southern District Court cases for the proposition that *In re Amtrak*, which relied on *Miles* rationale upheld by *Atlantic Sounding*, is no longer good law on the issue of loss of consortium.[1] Both of these cited cases, *Doe* and *Lobegeiger*, do not address whether general maritime law recognizes a claim for loss of consortium. Instead they involve a passenger claim for personal injury seeking punitive damages. The court in *Lobegeiger* only addressed punitive damages and made no mention of the availability of loss of consortium. The *Lobegeiger* court clearly stated, "*Amtrak*, **to the extent** that it foreclosed a plaintiff's right to seek **punitive damages** in a personal injury case under general maritime law, is clearly inconsistent with *Atlantic Sounding II* and is no longer the

- 4 -

correct rule of decision in the Eleventh Circuit." *Id.* at *7. (emphasis added). Plaintiff reads *Atlantic Sounding* too broadly in alleging that *In re Amtrak* is no longer good law for the proposition that a claim for loss of consortium is not available under general maritime law.[2]

Further, Plaintiff cites *Yamaha, Moragne*, and *Sun Ship* for the proposition that state remedies remain available for him.[3] However, the Eleventh Circuit in *In re Amtrak* previously dealt with this matter and held that general maritime law does not allow a claim for loss of consortium to non-seamen. In so doing, the court explained that Alabama's wrongful death statute did not apply because it "would deprive the litigants of substantive admiralty rights." *In re Amtrak*, 121 F.3d 1427 In interpreting *Yamaha*, the Eleventh Circuit advanced that "it is equally certain that the *Yamaha* Court, while aware that its decision would create, to some extent, unavoidable conflict between state and federal maritime law, did not intend to wholly sacrifice long-standing admiralty principles at the altar of states' rights." *Id.* at 1424. Additionally, *Yamaha* does not apply to personal injury actions. *Id.* at 1428 ("*Yamaha* dealt only with wrongful death actions and has no relevance to personal injury actions. Second, the historical basis for wrongful death actions in admiralty is entirely separate from that for personal injuries."). Again, binding Eleventh

---

[1] *Doe v. Royal Caribbean Cruises, Ltd.*, No. 11-23323-civ, 2012 WL 920675, at *1 (S.D. Fla. Mar. 19, 2012); *Lobegeiger v. Celebrity Cruises, Inc.*, No. 11-21620-civ, 2011 WL 3703329, at *1 (S.D. Fla. Aug. 23, 2011).
[2] Plaintiff also cites an opinion from the Western District of Washington, *Barrette v. Jubilee Fisheries, Inc.*, No. C10-01206 MJP, 2011 WL 3516061, at *1 (W.D. Wash. Aug. 11, 2011) for the recognition of a loss of consortium claim under federal maritime law. However, this case is not binding on this Court and is not analogous to the case presently before the Court as the claim for loss of consortium was derived from a seaman's unseaworthiness claim and not a passenger personal injury cause of action.
[3] *Calhoun v. Yamaha Motor Corp. U.S.A.*, 516 U.S. 199 (1996); *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970); *Sun Ship, Inc. v. Pa.*, 447 U.S. 715 (1980).

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131· Telephone: 305-379-3686 · Facsimile: 305-379-3690

Circuit precedent is clear that federal maritime law does in fact preempt state remedies for passenger personal injury actions. As to loss of consortium, nothing in the District Court Judge or Magistrate Judge's decision affects the binding authority of *In re Amtrak* and *Lollie* or is otherwise binding on this Court.

Accordingly, Plaintiff Joseph Sorrels cannot maintain a claim for loss of his wife's services, comfort, consortium, society and attentions in the past and in the future and Count II of Plaintiffs' Complaint should be dismissed in the case.

WHEREFORE, Defendant, NCL (BAHAMAS) LTD., a Bermuda Company d/b/a Norwegian Cruise Line, respectfully request this Honorable Court dismiss Count II of Plaintiffs' Complaint and award such other and further relief deemed just and appropriate.

Respectfully submitted,

/s/ Jerry D. Hamilton
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Hector V. Ramirez
Florida Bar No. 484857
hramirez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
Attorney for Defendant
150 Southeast Second Avenue, Suite 12002
Miami, Florida 33131
Telephone :  305-379-3686
Facsimile:    305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 24, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Jerry D. Hamilton

Jerry D. Hamilton

## SERVICE LIST

Robert D. Peltz, Esq.
Peltz@leesfield.com
Carol L. Finklehoffe
Finklehoffe@leesfield.com
Leesfield & Partners, P.A.
2350 South Dixie Highway
Miami, Florida 33133
Telephone:   305-854-4900
Facsimile:   305-854-8266
***Counsel for Plaintiff***

Jerry D. Hamilton, Esq.
jhamilton@hamiltonmillerlaw.com
Hector V. Ramirez, Esq.
hramirez@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
Telephone:   (305) 379-3686
Facsimile:   (305) 379-3690
***Counsel for Defendant***

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690