UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21413-CIV-COHN/SELTZER

TERESITA SORRELS and
JOSEPH SORRELS,

    Plaintiffs,

v.

NCL (BAHAMAS) LTD., d/b/a
NORWEGIAN CRUISE LINE,

    Defendant.
_____/

### ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL ANSWER

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Compel Defendant to File an Answer [DE 34] ("Motion").  The Court has carefully reviewed the Motion and the record in this case and is otherwise fully advised in the premises.

On April 22, 2013, Plaintiffs Teresita and Joseph Sorrels filed this action against Defendant NCL (Bahamas) Ltd., d/b/a Norwegian Cruise Line.  See DE 1 (Complaint). Plaintiffs allege that, as a result of Defendant's negligence, Ms. Sorrels was injured when she slipped and fell aboard one of Defendant's cruise ships.  Plaintiffs' Complaint is based on general maritime law and pleads two claims for relief.  In Count I, Ms. Sorrels requests damages for physical, emotional, and economic injuries.  In Count II, Mr. Sorrels seeks recovery for "loss of his wife's services, comfort, consortium, society and attentions."  Id. at 5.  Defendant, in lieu of filing an Answer, has moved to dismiss Count II of Plaintiffs' Complaint.  See DE 11.

In their present Motion, Plaintiffs state that Defendant has objected to certain discovery "on the grounds that such discovery is premature, since [Defendant] has not

yet filed its Answer and Affirmative Defenses." DE 34 at 3. Noting that the discovery deadline is September 30, 2013, see DE 14 at 1, Plaintiffs contend that "by continuing [to] delay the filing of its Answer, the Defendant is precluding the Plaintiff from any opportunity to take meaningful discovery on the issues set forth in the Answer, particularly relating to its Affirmative Defenses." DE 34 at 3. Thus, Plaintiffs move to compel Defendant to file an Answer to Count I of the Complaint.

Although Defendant has not yet responded to the Motion, the Court finds it necessary to promptly clarify the issues raised by Plaintiffs. First, when the Court rules on Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint, the Court will direct Defendant to file an Answer responding to whatever claims remain in the case. See Fed. R. Civ. P. 12(a)(4). But the Court will not order Defendant to file an Answer before that time. See 5B Charles Alan Wright et al., Federal Practice & Procedure § 1346 (3d ed. Westlaw 2013) ("[T]he weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."). In the meantime, however, the fact that Defendant has not yet filed an Answer does not change Defendant's obligation to provide discovery relevant to any claim or defense in this case. See Fed. R. Civ. P. 26(b)(1). The Scheduling Order makes clear that the discovery deadline is September 30, 2013, and nothing in that Order suggests that a party is excused from participating in discovery just because it has filed a dispositive motion. See DE 14. Indeed, Chief Magistrate Judge Seltzer previously issued an Order compelling Defendant to respond to Plaintiffs' discovery requests. See DE 33.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Compel Defendant to File an Answer [DE 34] is **DENIED**; and

2. Defendant may not object to otherwise proper discovery sought by Plaintiff regarding any claim or defense in this action on the ground that Defendant has not yet filed an Answer.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 2nd day of August, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF