UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21413-CIV-COHN/SELTZER

TERESITA SORRELS and
JOSEPH SORRELS,

     Plaintiffs,

v.

NCL (BAHAMAS) LTD., d/b/a
NORWEGIAN CRUISE LINE,

     Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO TAX COSTS AND
DENYING PLAINTIFFS' MOTION TO STAY COSTS AWARD**

     **THIS CAUSE** is before the Court on Defendant's Motion for Bill of Costs [DE 96]

("Costs Motion") and Plaintiffs' Motion to Defer Ruling on the Defendant's Motion to Tax

Costs and/or Alternative Motion to Stay Execution as to Any Costs Judgment Rendered

[DE 100] ("Stay Motion").  The Court has carefully reviewed these Motions and all

related filings and is otherwise fully advised in the premises.[1]

**I.    Background**

     Defendant NCL (Bahamas) Ltd., d/b/a Norwegian Cruise Line, moves to tax

costs against Plaintiffs Teresita and Joseph Sorrels, following the Court's entry of

summary judgment in favor of Defendant.  The proposed costs total $14,128.35 and

---

     [1] Defendant also moves to strike Plaintiffs' Reply in support of their Stay Motion, because that Reply focuses on new arguments not raised in the Motion.  See DE 108. While Defendant's point is valid, the Court finds that Plaintiffs are not entitled to a stay of the costs award, even considering the arguments in their Reply.  See infra Part II.A. Accordingly, Defendant's motion to strike will be denied as moot.

include deposition-transcript charges, service and witness fees, and copying costs.[2]

Plaintiffs oppose the Costs Motion, arguing that most of the requested costs are not taxable. Further, in their Stay Motion, Plaintiffs ask the Court to defer ruling on the Costs Motion, or to stay any costs award, until the United States Court of Appeals for the Eleventh Circuit decides Plaintiffs' pending appeal of this Court's final judgment. Defendant responds that no valid reason exists to delay its recovery of taxable costs.

## II.    Discussion

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Section 1920 of Title 28 lists the costs that a prevailing party may recover:  (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and costs of making copies necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and of interpreters, and salaries, fees, expenses, and costs of special interpretation services. See 28 U.S.C. § 1920. Because Defendant is the prevailing party here, it is entitled to an award of taxable costs as permitted by § 1920.

### A.    Stay Motion

Plaintiffs' Stay Motion requests deferring any costs ruling or judgment pending the outcome of Plaintiffs' appeal. In deciding whether to stay an order pending appeal,

---

[2] Defendant originally sought costs totaling $14,298.30.  See DE 96 at 1.  But in its Reply supporting the Costs Motion, Defendant notes that the actual cost of a certain deposition transcript was $169.95 less than previously estimated.  See DE 99 at 4.

courts examine four factors:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  The party seeking a stay "bears the burden of showing that the circumstances justify an exercise of [the court's] discretion" to grant the stay.  Nken v. Holder, 556 U.S. 418, 433-34 (2009).

Plaintiffs contend that they are likely to prevail on appeal, referencing the arguments in their main appellate brief.  It is not this Court's place to speculate about how the Eleventh Circuit might decide Plaintiffs' appeal.  The issues presented on appeal, like those decided by this Court, are substantial.  Nevertheless, the Court remains of the opinion that its prior rulings were correct.  And though Plaintiffs' appellate brief reiterates many points raised before this Court, Plaintiffs have not made a strong showing that those contentions are likely to succeed on appeal.

Too, Plaintiffs assert that it would be inefficient for the Court to rule upon the Costs Motion because that ruling would be vacated if Plaintiffs' appeal were successful. The Court finds this argument unavailing.  Defendant has prevailed before this Court and thus is entitled to recover taxable costs now, despite Plaintiffs' pending appeal. See Fed. R. Civ. P. 54(d)(1); Rothenberg v. Sec. Mgmt. Co., 677 F.2d 64, 64 (11th Cir. 1982) ("It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed."); see also Breedlove v. Hartford Life & Accident Ins. Co., 2013 WL 361825, at *2 (M.D. Fla. Jan. 30, 2013) (rejecting non-prevailing parties' claim that awarding costs pending appeal would waste judicial resources, because "most of the work ha[d] already been done").

Nor is the Court persuaded by Plaintiffs' claim that, due to their limited financial resources, taxing costs against them would cause irreparable harm.  The Eleventh Circuit has held that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc).  For a court to consider a non-prevailing party's financial situation in assessing costs, that party must present "substantial documentation of a true inability to pay."  Id.  In other words, there must be "clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered."  Id.  Also, despite Plaintiffs' invitation to do so here, the court may "not consider the relative wealth of the parties."  Id.  And even in the "rare circumstances" where the non-prevailing party's financial status is considered, "a court may not decline to award any costs at all."  Id.

Although Plaintiffs contend that they "are of modest means and live within a tight budget to meet their significant household expenses," DE 107 at 3, they have produced no evidence of their alleged inability to pay costs.  The Court therefore declines to reduce Defendant's costs award on this basis.  Further, taxing costs against Plaintiffs would cause no irreparable harm since they could recover those costs following a successful appeal.  See Sampson v. Murray, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." (internal quotation marks omitted)).

The Court also finds that it would be unfair to withhold from Defendant taxable costs to which it is legally entitled.  For the same reason, the public interest does not

4

favor a stay.  Because Plaintiffs have not shown that postponing a decision on taxable

costs is warranted here, the Court will deny the Stay Motion.

**B.      Costs Motion**

Plaintiffs assert that many of the costs Defendant seeks to recover are not

taxable under § 1920.  A presumption exists in favor of awarding costs.  See Manor

Healthcare Corp. v. Lomello, 929 F.2d 633, 639 (11th Cir. 1991).  "When challenging

whether costs are properly taxable, the burden lies with the losing party, unless the

knowledge regarding the proposed cost is a matter within the exclusive knowledge of

the prevailing party."  Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc.,

385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).  Thus, the Court will specifically address

only the costs that Plaintiffs have challenged.  See Ferguson v. N. Broward Hosp. Dist.,

2011 WL 3583754, at *1-*3 (S.D. Fla. Aug. 15, 2011).[3]

**1.      Deposition Transcripts**

Defendant seeks reimbursement of $11,142.00 for costs associated with

deposition transcripts.  See DE 96 at 1; DE 96-2 at 1-2; DE 99 at 4. Plaintiffs object to

several elements of these costs:  (1) charges for video recordings in addition to written

transcripts; (2) optional expenses such as photocopies, mini-transcripts, and delivery;

(3) per-page transcript costs; and (4) fees for rough drafts of transcripts.  Plaintiffs

argue that these expenses were unnecessary or excessive, and thus are not taxable.

Section 1920(2) authorizes recovery of "[f]ees for printed or electronically

recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).

A deposition is considered necessary if it was "related to an issue which was present in

---

[3]  In this regard, Plaintiffs have not contested Defendant's recovery of $80.00 in witness fees.  See DE 96 at 1-2; 96-2 at 6; 28 U.S.C. § 1920(3).

the case at the time the deposition was taken." EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (internal quotation marks omitted).  But when deposition costs are "merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. at 620 (internal quotation marks omitted).  A prevailing party may recover the costs of both a video recording and a written transcript when the party notices a deposition to be recorded by both means, and the opposing party does not timely object.  See Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 464-65 (11th Cir. 1996) (per curiam).  Yet the prevailing party still "must explain why it was necessary to obtain a copy of both videotaped and transcribed depositions for use in the case." Ferguson v. Bombardier Servs. Corp., 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007); see Morrison, 97 F.3d at 465.  Also, unless shown to be necessary, optional deposition costs such as rush transcripts, mini-scripts, and delivery are not taxable.  See Davis v. United States, 2010 WL 3835613, at *4-*5 (S.D. Fla. Sept. 7, 2010); Univ. of Miami v. Intuitive Surgical, Inc., 2007 WL 781912, at *1 (S.D. Fla. Mar. 13, 2007).  And while this District has adopted maximum per-page rates for transcripts prepared by court reporters, see http://www.flsd.uscourts.gov, that rate schedule "is not binding in assessing the reasonableness of a private stenographer's deposition-transcript fees." Ashkenazi v. S. Broward Hosp. Dist., 2014 WL 3673308, at *3 (S.D. Fla. July 23, 2014).

With these standards in mind, and having closely reviewed the parties' briefs and supporting documents, the Court finds that most of the challenged deposition costs are recoverable under 28 U.S.C. § 1920(2).  Defendant, however, may not tax the following costs against Plaintiffs:

- The $942.00 in charges for videotaping Teresita Sorrels's deposition are not taxable, since Defendant has not shown that it was necessary to obtain a video recording of the deposition in addition to a written transcript.  See DE 96-2 at 8-9.

- Defendant may not recover $698.10 of the optional transcript costs contested by Plaintiffs because Defendant has not demonstrated that these items were necessary rather than merely convenient. See DE 96-2 at 11-15, 17, 21-22, 24-25; DE 99-1 at 1-2.

The Court will therefore deduct these charges from the requested deposition costs.

### 2.      Service of Subpoenas

Defendant also moves to recover $1,560.00 in subpoena service fees for depositions and medical records.  See DE 96 at 1; DE 96-2 at 2-5.  "[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921."  W&O, 213 F.3d at 624. Such costs are normally limited to $65.00, the standard hourly rate that the U.S. Marshals Service charges for serving a document.  See 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3); W&O, 213 F.3d at 624.[4]

Plaintiffs assert that nearly all Defendant's subpoenas were unnecessary because the deponents had agreed to appear voluntarily and Plaintiffs had produced the relevant medical records.  Plaintiffs also object to rush charges for many of the subpoenas.  More, Plaintiffs observe that some persons served with subpoenas were not deposed or did not produce any records.

---

[4] Plaintiffs note that when most of the subpoenas were served in this case, the standard cost limit was only $55.00.  See Revision to United States Marshals Service Fees for Services, 78 Fed. Regis. 59817-01 (Sept. 30, 2013) (increasing Marshals' normal service fees from $55.00 to $65.00 per document, effective Oct. 30, 2013). But in the instances where Defendant seeks more than $55.00 for serving a subpoena, the additional costs arise from service on a rush basis, out of state, or at multiple addresses.  As discussed above with regard to rush service, the Court finds that these costs were necessary and support recovery of more than the standard amount.

The Court finds, however, that it was prudent for Defendant to ensure the deponents' appearances through subpoenas rather than depending on their voluntary attendance.  It was likewise reasonable for Defendant to issue subpoenas for relevant medical records, instead of simply relying on Plaintiffs' assurance that all such records had been produced.  And as explained in Defendant's Reply, the expedited nature of discovery in this action warranted rush service of many subpoenas.  See DE 99 at 6; see also Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1334 (S.D. Fla. 2009) (allowing recovery of service charge exceeding standard rate, in part because cost was "justified and appropriate in light of the specific facts of the case").  Also, that some of the persons for whom subpoenas were issued had no responsive records, or ultimately were not deposed, did not make Defendants' service of the subpoenas unnecessary.  Defendant therefore may recover the full amount of its requested service costs.

### 3.    Copies

Last, Defendant moves to tax copying costs totaling $1,346.35.  See DE 96 at 1; DE 96-2 at 5-6.  A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Although the non-prevailing party usually must show that a cost is not taxable, a proposed copying cost "is a matter within the exclusive knowledge of the prevailing party."  N. Broward Hosp. Dist., 2011 WL 3583754, at *3 (internal quotation marks omitted).  Thus, the documents supporting copying costs must "provide sufficient detail about those charges for the Court to determine whether they were necessary and reasonable."  Brooks v. Peer Review Mediation & Arbitration, Inc., 2012 WL 5410405, at *5 (S.D. Fla. Nov. 6, 2012).

Here, Plaintiffs maintain that Defendant has not provided adequate evidence to support recovery of its copying costs.  The Court agrees.  In its Motion and Reply, Defendant states that the documents copied were "medical records and expert records for use in review by attorneys and experts" and were "essential and relevant."  DE 96-1 at 8; DE 99 at 10.  But neither Defendant's summary of costs nor the attached invoices give any details about the purpose of each copy order or the general content of the documents.  See DE 96-2 at 5-6, 55-76.  Absent such information, the Court cannot assess whether the requested copying charges were necessary and reasonable.  See Brooks, 2012 WL 5410405, at *5; see also Monelus, 609 F. Supp. 2d at 1335 (explaining that the prevailing party "cannot simply make unsubstantiated claims that copies of the documents were necessary").  Accordingly, none of these costs will be taxed against Plaintiffs.

**III.     Conclusion**

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.     Plaintiffs' Motion to Defer Ruling on the Defendant's Motion to Tax Costs and/or Alternative Motion to Stay Execution as to Any Costs Judgment Rendered [DE 100] is **DENIED**;

2.     Defendant's Motion to Strike Plaintiffs' Reply in Support of the Stay Motion [DE 108] is **DENIED AS MOOT**;

3.     Defendant's Motion for Bill of Costs [DE 96] is **GRANTED IN PART and DENIED IN PART**;

4.     Defendant shall recover from Plaintiffs a total of $11,141.90 in taxable costs; and

9

5.      The Court will enter a separate Final Judgment Taxing Costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 3rd day of September, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF