UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 13-CV-21413-COHN/SELTZER

TERESITA SORRELS and JOSEPH
SORRELS (her husband),

  Plaintiff,
vs.

NCL (BAHAMAS) LTD., a Bermuda
company d/b/a NORWEGIAN CRUISE LINE,

  Defendants.
_____/

**DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFFS'
COMPLAINT**

  Defendant, NCL (BAHAMAS) LTD., a Bermuda company d/b/a Norwegian Cruise Line ("Norwegian"), by and through undersigned counsel and in accordance with Fed. R. Civ. P. 7(b), 12(b) and S.D. Fla. L.R. 7.1(A), hereby files its Motion to Dismiss Count II of Plaintiffs' Complaint [DE 1] and states as follows:

**Summary of Argument**

  1. The case at bar is a personal injury claim wherein Plaintiff Teresita Sorrels alleges she slipped and fell aboard the cruise ship *Norwegian Sky* on or about April 13, 2012. Count I is a Negligence claim against Norwegian. Count II of the Plaintiffs' Complaint, asserted by Plaintiff Joseph Sorrels, is a claim for loss of his wife's services, comfort, consortium and attentions in the past and in the future [DE 1 at p. 5].

2. Count II of Plaintiff's Complaint should be dismissed with prejudice on the grounds it fails to state a cause of action upon which relief can be granted, as general maritime law does not recognize a claim for nonpecuniary damages such as loss of consortium and loss of society.

## Memorandum of Law

Incidents occurring on navigable waters and/or bearing a significant relationship to traditional maritime activity are governed by the general maritime law. *See* Thomas J. Schoenbaum, 1 ADMIRALTY AND MARITIME LAW, 3-5 (2d ed. 2004); *Keefe v. Bahamas Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989); *Beard v. Norwegian Caribbean Lines*, 900 F.2d 71 (6th Cir. 1990); *Kermarec v. Compangie Generale Transatlantique*, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed. 558 (1959); *Rindfleisch v. Carnival Cruise Lines, Inc.*, 498 So.2d 488 (Fla. 3d DCA 1986); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984); and *Hallman v. Carnival Cruise Lines, Inc.*, 459 So.2d 378, 379 (Fla. 3d DCA 1984).

Here, Plaintiffs seek recovery for a slip and fall that allegedly occurred on navigable waters. [DE 1 at ¶¶ 2-3]. The general character of the incident alleged by the Plaintiff has been found to bear a significant relationship to traditional maritime activity. See *Doe v. Celebrity Cruises, Inc.,* 394 F.3d 891, 900 (11th Cir. 2004). Thus maritime law is the substantive law to be applied. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1985). The existence of a parallel remedy under state law is of no consequence. *Wilburn Boat v. Fireman Fund, Inc.,*

- 2 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131· Telephone: 305-379-3686 · Facsimile: 305-379-3690

48 U.S. 310 (1955); *East River S.S. Co. v. Transamerica Deleval Inc.*, 476 U.S. 858 (1986).

It is well established that under general maritime law, no recovery can be had for loss of consortium in personal injury cases. *See In re Amtrak "Sunset Limited",* 121 F.3d 1421, 1429 (11th Cir. 1997)*; Lollie v. Brown Marine Service, Inc.*, 955 F.2d 1565, 1565 (11th Cir. 1993); *Ridley v. NCL (Bahamas) Ltd.*, 824 F.Supp. 2d 1355, 1363 (S.D. Fla. 2010); *Albertelli v. NCL Corp., Ltd.*, 2008 WL 2949513 at *1 (S.D. Fla. July 29, 2008); *In re Everglades Island Boat Tours, LLC*, 484 F.Supp. 2d 1259, 1263 (S.D. Fla. 2007*); Isberner v. Celebrity Cruises, Inc.*, 2006 WL 4005569 at *2 n.1 (S.D. Fla. Dec. 21, 2006); *Frango v. Royal Caribbean Cruise Cruises Ltd.*, 891 So.2d 1208, 1210 (Fla. 3d DCA 2005). The Eleventh Circuit in *"Sunset Limited"* specifically stated that:

> **Unless or until the United States Supreme Court should decide to add state remedies to the admiralty remedies for personal injury, personal injury claimants have no claim for nonpecuniary damages such as loss of society, loss of consortium or punitive damages….**

*Id.* at 1429 (emphasis added).

The Southern District of Florida has examined precisely the same issue in *Ridley v. NCL (Bahamas) Ltd.*, 824 F.Supp. 2d 1355 at 1363. In *Ridley*, Judge King asserted, "[t]here is no doubt that, under Eleventh Circuit precedent, loss of consortium is not permitted under general maritime law." *Id.* Similarly in *Michaels*, a husband and wife filed a two-count complaint alleging negligence and loss of consortium as a result of injuries allegedly sustained aboard a cruise ship. *Michaels*

- 3 -

*v. Carnival Cruise Line,* 2005 WL 3706388 at *1 (S.D. Fla. Jan. 24, 2005). Carnival moved to dismiss the husband's claim for damages resulting from the loss of consortium of his wife. *Id.* Carnival argued that the general maritime law of the United States did not recognize loss of consortium as an actionable injury. *Id.*

In dismissing the consortium claim in *Michaels*, the Court cited *Keefe v. Bahamas Cruise Lines,* 867 F. 2d 1318, 1320 (11th Cir. 1989)("[T]he substantive law applicable to this action, which involves an alleged tort committed aboard a ship sailing in navigable waters, is the general maritime law, the rules of which are developed by the federal courts.") and quoted *"Sunset Limited"* to conclude that the husband could not recover nonpecuniary damages, including loss of consortium, for the injuries allegedly sustained by his wife:

> **Defendant states correctly that the Eleventh Circuit Court of Appeals in *In re Amtrak "Sunset Limited"* 121 F.3d 1421 (11th Cir. 1993) has rejected the proposition that personal injury plaintiffs may recover nonpecuniary damages under the general maritime law for loss of society, loss of consortium, and punitive damages. *See also Lollie v. Brown Marine Services, Inc.,* 995 F.2d 1565, 1565 (11th Cir. 1993)(holding that "general maritime law [does not] authorize[ ] recovery for loss of society or consortium in personal injury cases.")**

*Id.* at *2. (emphasis added).

General maritime law does not recognize a cause of action for loss of consortium. *See Gandhi v. Carnival Corp.,* No. 13–24509–CIV, 2014 WL 1028940, at *4. In *Lollie v. Brown Marine Serv., Inc.,* 995 F.2d 1565, 1565 (11th Cir.1993) (per curiam), the court held "that neither the Jones Act nor general maritime law authorizes recovery for loss of society or consortium in personal injury cases." Four

- 4 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131· Telephone: 305-379-3686 · Facsimile: 305-379-3690

years later, the court in *In re Amtrak "Sunset Ltd." Train Crash in Bayou Canot),* 121 F.3d 1421, 1429 (11th Cir. 1997), *cert. denied,* 522 U.S. 1110, 118 S.Ct. 1041, 140 L.Ed.2d 106 (1998), applying *Lollie,* held that personal injury claimants in admiralty cases "have no claim for nonpecuniary damages such as loss of society, loss of consortium, or punitive damages."

It is well-settled law in this District that a loss of consortium claim brought by a spouse of a non-seafarer cannot stand as a matter of law. The following is a summary of those decisions (all decided at the motion to dismiss stage), as well as a few from other districts and the Florida state appellate courts (fourteen decisions in total):

*Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 WL 3970546, at *2 (S.D. Fla. June 30, 2015) (Bloom, J) (emphasis added).

> Finally, Plaintiffs' consortium claim, were the Court to consider it on the merits, would be dismissed in accordance with **currently-binding Eleventh Circuit law, which states that general maritime law does not allow recovery of damages for loss of consortium in a personal injury case**. *See, e.g., In re Amtrak "Sunset Limited,"* 121 F.3d 1421, 1429 (11th Cir.1997) (stating that personal injury claimants in admiralty cases "have no claim for nonpecuniary damages such as loss of society, loss of consortium, or punitive damages"); *Lollie v. Brown Marine Serv., Inc.,* 995 F.2d 1565, 1565 (11th Cir.1993) (per curiam).

*Friedhofer v. NCL (Bahamas) Ltd.*, No. 14-23294-CIV, 2015 WL 588642, at *1 (S.D. Fla. Jan. 22, 2015) (Moreno, J.) (emphasis added):

> As pronounced by this Court, **general maritime law does not recognize a cause of action for loss of consortium**. *See Gandhi v. Carnival Corp.,* No. 13–24509–CIV, 2014 WL 1028940, at *4 (S.D.Fla. Mar.14, 2014) (Moreno, J.) ("[C]ourts have consistently

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131· Telephone: 305-379-3686 · Facsimile: 305-379-3690

held that general maritime law does not provide for loss of society or loss of consortium in cruise line passenger injury cases.").

*Gandhi v. Carnival Corp.*, No. 13–24509–CIV, 2014 WL 1028940, at *4 (S.D.Fla. Mar.14, 2014) (Moreno, J.) (emphasis added):

> General maritime law does not authorize loss of consortium claims. . . courts have consistently held that general maritime law does not provide for loss of society or loss of consortium in cruise line passenger injury cases.. . **The well-established case law precluding the assertion of consortium claims under maritime law leaves little question for the Court**. Count IV of Plaintiff's Complaint is Dismissed.

*Moorer v. MSC Crociere S.A.*, No. 10-62176-CIV, 2011 WL 2069200, at *1 (S.D. Fla. Apr. 11, 2011) (Dimitrouleas, J) (emphasis added):

> **It is well-settled**, under actions governed by general maritime law, loss of consortium claims are not permitted, except in enumerated "exceptional circumstances" not applicable to the claims in this action. *See In re Amtrak "Sunset Ltd." Train Crash,* 121 F.3d 1421, 1429 (11th Cir.1997)

*Ridley v. NCL (Bahamas) Ltd.*, 824 F. Supp. 2d 1355, 1363 (S.D. Fla. 2010) (King, J) (emphasis added):

> **There is no doubt that**, under Eleventh Circuit precedent, loss of consortium is not permitted under general maritime law. *See Lollie,* 995 F.2d at 1565; *In re Amtrak,* 121 F.3d at 1427–28.

*Rinker v. Carnival Corp.*, No. 09-23154-CIV, 2010 WL 9530327, at *6 (S.D. Fla. June 18, 2010) (Seitz, J) (emphasis added)

> Unless or until the United States Supreme Court should decide to add state remedies to the admiralty remedies for personal injury, personal injury claimants have no claim for nonpecuniary damages such as loss of society, loss of consortium or punitive damages." *Id.* at 1429. Accordingly, Plaintiffs' **loss of consortium claim, Count IX, should be dismissed with prejudice**.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

*Schwartz v. NCL (Bahamas), Ltd.*, No. 08-23092-CIV-JORDAN, 2009 WL 1591230, at *1 (S.D. Fla. June 4, 2009) (Jordan, J) (emphasis added)

> B**ecause general maritime law does not support a claim for loss of consortium,** *see Lollie v. Brown Marine Serv., Inc.,* 995 F.2d 1565, 1565 (11th Cir.1993), this claim fails as a matter of law, and is therefore dismissed with prejudice").

*Albertelli v. NCL Corp.*, No. 08-21418-CIV, 2008 WL 2949513, at *1 (S.D. Fla. July 29, 2008) (Moreno, J) (emphasis added)

> A **claim for loss of consortium is not permitted** under general maritime law, and therefore **must be dismissed.** *See In re Amtrak "Sunset Limited" Train Crash,* 121 F.3d 1421, 1429 (11th Cir.1997)"

*Mercer v. Carnival Corp.*, No. 08-20550-CIV, 2008 WL 2949514, at *1 (S.D. Fla. July 29, 2008) (Moreno, J):

> . . . if the Court were to infer that Plaintiff Brenda Mercer is attempting to state a claim for loss of consortium, **that is not a valid cause of action**. The Eleventh Circuit has explicitly recognized that there is no cause of action for loss of consortium under general maritime law in personal injury cases. *Lollie v. Brown Marine Serv., Inc.,* 995 F.2d 1565 (11th Cir.1993). Accordingly, the motion to dismiss is granted.

*Isberner v. Celebrity Cruises, Inc.*, No. 06-60447 CIV, 2006 WL 4005569, at *2 (S.D. Fla. Dec. 21, 2006) (emphasis added):

> **The Court finds no merit in this argument**, as the Eleventh Circuit has repeatedly held that maritime law does not permit "recovery for loss of society or consortium in personal injury cases." *In re Amtrak "Sunset Limited" Train Crash,* 121 F.3d 1421, 1429 (11th Cir.1997); *Lollie v. Brown Marine Serv.,* 995 F .2d 1565, 1565 (11th Cir.1993)

*Michaels v. Carnival Cruise Lines,* No. 04-22913-CIV, 2005 WL 3706388, at *3 (S.D. Fla. Jan. 24, 2005) (Ungaro, J):

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131· Telephone: 305-379-3686 · Facsimile: 305-379-3690

> *Lollie,* in particular, reaffirms that personal injury claimants do not possess a cause of action for loss of consortium under the general maritime law of the United States.

*McDonald v. Carnival Cruise Lines, Inc.*, No. 97-2101-CIV-LENARD, 1999 WL 1338095, at *2 (S.D. Fla. Mar. 11, 1999) (Lenard, J).

> Based on the holdings of *Lollie* and *Amtrack,* the [loss of consortium] claims by Mr. McDonald shall be dismissed

*In re Everglades Island Boat Tours, LLC*, 484 F. Supp. 2d 1259, 1263-64 (M.D. Fla. 2007)

> [u]nder federal maritime law, claim number 7 must be dismissed for failure to state a claim. The Eleventh Circuit Court of Appeals has stated "neither the Jones Act nor general maritime law authorizes recovery for loss of society or consortium in personal injury cases." *Lollie v. Brown Marine Serv.,* 995 F.2d 1565, 1565 (11th Cir.1993)(per curiam). "Unless or until the United States Supreme Court should decide to add state remedies to the admiralty remedies for personal injury, personal injury claimants have no claim for nonpecuniary damages such as loss of society, loss of consortium or punitive damages, except in exceptional circumstances such as willful failure to furnish maintenance and cure to a seaman, *1264 intentional denial of a vessel owner to furnish a seaworthy vessel to a seaman and in those very rare situations of intentional wrongdoing." *Altosino v. Warrior & Gulf Navigation Co. (In re Amtrak "Sunset Ltd." Train Crash in Bayou Canot),* 121 F.3d 1421, 1429 (11th Cir.1997), *cert. denied,* 522 U.S. 1110, 118 S.Ct. 1041, 140 L.Ed.2d 106 (1998).

*Frango v. Royal Caribbean Cruises, Ltd.*, 891 So. 2d 1208, 1211 (Fla. Dist. Ct. App. 2005):

> We find that one of the aims of maritime law is to promote uniformity in the exercise of admiralty jurisdiction. *See Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 386-88, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). This aim is best advanced by following the majority rule and denying loss of consortium to a passenger's husband, such as Mr. Frango.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131· Telephone: 305-379-3686 · Facsimile: 305-379-3690

Norwegian respectfully submits that the above cited decisions leave no doubt that Joseph Sorrels' claim for loss of consortium is precluded under the law and thus improper.

Accordingly, Plaintiff Joseph Sorrels cannot maintain a claim for loss of his wife's services, comfort, consortium, society and attentions in the past and in the future and Count II of Plaintiffs' Complaint should be dismissed in the case.

WHEREFORE, Defendant, NCL (BAHAMAS) LTD., a Bermuda Company d/b/a Norwegian Cruise Line, respectfully request this Honorable Court dismiss Count II of Plaintiffs' Complaint with prejudice and award such other and further relief deemed just and appropriate.

                              Respectfully submitted,

                              /s/ Jerry D. Hamilton
                              Jerry D. Hamilton, Esq.
                              Florida Bar No. 970700
                              jhamilton@hamiltonmillerlaw.com
                              Hector V. Ramirez
                              Florida Bar No. 484857
                              hramirez@hamiltonmillerlaw.com
                              HAMILTON, MILLER & BIRTHISEL, LLP
                              Attorney for Defendant
                              150 Southeast Second Avenue, Suite 1200
                              Miami, Florida 33131
                              Telephone :   305-379-3686
                              Facsimile:     305-379-3690

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131· Telephone: 305-379-3686 · Facsimile: 305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 5, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Jerry D. Hamilton
Jerry D. Hamilton

## SERVICE LIST

| | |
|---|---|
| Carol L. Finklehoffe | Jerry D. Hamilton, Esq. |
| Finklehoffe@leesfield.com | jhamilton@hamiltonmillerlaw.com |
| Leesfield & Partners, P.A. | Hector V. Ramirez, Esq. |
| 2350 South Dixie Highway | hramirez@hamiltonmillerlaw.com |
| Miami, Florida 33133 | Hamilton, Miller & Birthisel, LLP |
| Telephone:   305-854-4900 | 150 S.E. Second Avenue, Suite 1200 |
| Facsimile:   305-854-8266 | Miami, Florida 33131 |
| ***Counsel for Plaintiff*** | Telephone:   (305) 379-3686 |
| | Facsimile:   (305) 379-3690 |
| | ***Counsel for Defendant*** |

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131· Telephone: 305-379-3686 · Facsimile: 305-379-3690